UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARANDER M. HUGHES, JR., | ) <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> )    Case No. 19-cv-03278 (APM) |
| UNITED STATES DEPARTMENT <br> OF JUSTICE et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

**I.**

Pro se Plaintiff Arander M. Hughes, Jr. ("Plaintiff") brings this action against Defendants United States Department of Justice ("DOJ") and the United States of America (collectively, "Defendants") under the Freedom of Information Act ("FOIA") and the Privacy Act. *See* 5 U.S.C. § 552; Compl., ECF No. 1 [hereinafter Compl.]. This matter is before the court on Defendants' Motion for Summary Judgment, ECF No. 36 [hereinafter Defs.' Mot.], and Plaintiff's Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment, ECF No. 22 [hereinafter Pl.'s Mot.]. For the reasons that follow, both Defendants' and Plaintiff's Motions are granted in part and denied in part.

**II.**

This case arises from a FOIA request Plaintiff submitted to the Executive Office for United States Attorneys ("EOUSA"), a component of the DOJ, for records regarding himself. Compl. ¶ 8. On March 1, 2019, Plaintiff submitted his full name, nickname, date of birth, and social security number to EOUSA seeking "all documents and electronic media assembled by the United

States Attorney's Office for the Western District of North Carolina ["USAO-WDNC"] containing the name Arander Matthew Hughes, Jr." Defs.' Mot., Ex. A, ECF No. 36-3 [hereinafter Griffin Decl.], ¶ 5; Griffin Decl., Attach. 1. After Plaintiff did not receive any documents, Compl. ¶¶ 11–12, he filed an appeal with DOJ's Office of Information Policy, which rejected his appeal on the ground that "no adverse determination had been made," id. ¶ 15. Plaintiff then filed the instant suit on October 21, 2019. Id. at 1.

On December 23, 2019, EOUSA sent Plaintiff records for the first time totaling 220 pages, 67 of which contained redactions. Defs.' Mot., Defs.' Statement of Material Facts Not in Genuine Dispute, ECF No. 36-1 [hereinafter Defs.' Facts], ¶ 8. EOUSA withheld 77 pages in full. Id. Plaintiff then filed a Status Report challenging EOUSA's decision to withhold a draft plea agreement. Id. ¶ 9; Pl.'s Status Report, ECF No. 19, at 1–2. In July 2020, EOUSA re-reviewed the draft plea agreement and released it to Plaintiff. Defs.' Facts ¶ 10; Griffin Decl. ¶ 21; Griffin Decl., Attach. 7. Plaintiff then filed a Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment. See Pl.'s Mot. EOUSA then made two more supplemental releases of previously withheld records in May and June 2021. Defs.' Facts ¶ 11. Defendants moved for summary judgment on June 24, 2021. See Defs.' Mot.

As part of its search, EOUSA determined that 255 pages of records had to be referred for review by another agency, the Federal Bureau of Investigation ("FBI"). Griffin Decl. ¶ 18. The FBI released 35 pages in full and 168 pages in part and withheld 52 pages in full. Defs.' Mot., ECF No. 36-5 [hereinafter Seidel Decl.], ¶ 6.

## III.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a). A dispute is "genuine" only if a reasonable factfinder could find for the nonmoving party, and a fact is "material" only if it is capable of affecting the outcome of litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must support the assertion that no facts are in dispute by "citing to particular parts of materials in the record, including . . . affidavits or declarations," FED. R. CIV. P. 56(c)(1)(A), and the reviewing court must "view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 377 (2007) (internal citation and quotation marks omitted).

Most FOIA cases are appropriately resolved on motions for summary judgment. *Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). In resolving a FOIA case, a court may award summary judgment by relying on the information included in the agency's affidavits or declarations as long as they are "relatively detailed and nonconclusory." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (footnote and internal quotation marks omitted). Summary judgment is warranted if the declarations "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). The agency bears the burden of demonstrating that each FOIA exemption applies, and this burden can be satisfied in the form of a *Vaughn* Index that "permit[s] adequate adversary testing of the agency's claimed right to an exemption." *Nat'l Treasury Emps. Union v. U.S. Customs Serv.*, 802 F.2d 525, 527 (D.C. Cir. 1986); *see Vaughn v. Rosen*, 484 F.2d 820, 828 (D.C. Cir. 1973).

IV.

The parties' motions present four issues: (1) whether Defendants conducted an adequate search of responsive records; (2) whether Defendants properly treated some records as outside the scope of the FOIA request; (3) whether Defendants properly withheld records under FOIA Exemptions 5, 6, and 7(C);[1] and (4) whether Plaintiff has "substantially prevailed" such that he is entitled to litigation costs under 5 U.S.C. § 552(a)(4)(E).

Defendants suggest that Plaintiff's motion must be summarily denied because of procedural deficiencies and that the first and third issues must be treated as conceded because Plaintiff has failed to adequately address or dispute them. *See* Defs.' Mot., Defs.' Combined Mem. of P. & A. in Supp. of Defs.' Mot. & Opp'n to Pl.'s Mot., ECF No. 36-2 [hereinafter Defs.' Mem.], at 19–21; Defs.' Reply to Pl.'s Opp'n to Mot. for Summ. J., ECF No. 42 [hereinafter Defs.' Reply], at 1–6, 11–12. Out of an abundance of caution, the court declines to take either course. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("The handwritten *pro se* document is to be liberally construed."); *cf. Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 509 (D.C. Cir. 2016) (holding that a summary judgment motion cannot be treated as conceded in its entirety). The court will address the adequacy of the search, the records treated as outside the request, the FOIA exemptions, and the litigation costs, in that order.

A.

First, the court finds that Defendants' search was adequate. To prevail on this issue, Defendants must show that they conducted a search reasonably calculated to uncover all relevant records. *See Weisberg v. U.S. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). The affidavits

---

[1] To justify withholding records, EOUSA invokes Exemptions 5, 6, and 7(C), and the FBI asserts Exemptions 3, 6, 7(C), 7(D), and 7(E). *See* Griffin Decl., Attach. 9; Defs.' Mot., Ex. C, ECF No. 36-5, ¶ 5. However, Plaintiff has stated that he is only challenging withholdings made pursuant to Exemptions 5, 6, and 7(C). *See* Pl.'s Status Report, ECF No. 26; Defs.' Reply to Pl.'s Opp'n to Mot. for Summ. J., ECF No. 42, at 3 n.2.

4

and declarations submitted by Defendants must be "reasonably detailed . . . , setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (internal quotation marks omitted).  The question is not whether other responsive records not yet produced may exist but whether the search itself was adequate. *Steinberg v. U.S. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994).  Ultimately, a responding agency need not search every record system but must conduct a good-faith, reasonable search of those systems of records likely to possess the requested information. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

Defendants aver that they conducted an adequate search. Defs.' Mem. at 5–7.  Because Plaintiff explicitly requested records assembled by USAO-WDNC, EOUSA assigned the search only to USAO-WDNC.  Griffin Decl. ¶¶ 5–6.  Katharine Madden, the USAO-WDNC employee who oversaw the search, described how she conducted the search, including identifying the relevant case-management system accessed to locate records.  Defs.' Mem., Ex. B, ECF No. 36-4 [hereinafter Madden Decl.], ¶¶ 10–13.  Madden and other USAO-WDNC employees also searched electronic folders and drives and requested physical documents from the Atlanta Federal Records Center.  *Id.* ¶¶ 13–15.  Madden was not aware of any other sources of potentially responsive records.  *Id.* ¶¶ 16–17.  Plaintiff did not challenge any of Madden's representations or Defendants' arguments as to the adequacy of the search.  *See generally* Pl.'s Reply to Defs.' Mot., ECF No. 37 [hereinafter Pl.'s Reply].  Having conducted an independent review of the uncontested record, the court concludes that Defendants' search was adequate and grants summary judgment to Defendants as to this issue.  *See also Gilliam v. U.S. Dep't of Just.*, 128 F. Supp. 3d 134, 139 (D.D.C. 2015) (finding that DOJ's search was reasonably calculated to uncover all records

responsive to the FOIA request because DOJ represented how the search was conducted, including which databases were selected and how they were searched for responsive materials).

**B.**

EOUSA withheld two categories of records because it deemed them to fall outside the scope of Plaintiff's FOIA request. First, a box of hard copy records contained "records related to the other two defendants" in Plaintiff's criminal case. Madden Decl. ¶ 15(b). EOUSA treated those records as nonresponsive to Plaintiff's FOIA request because it interpreted his request as only seeking "records related to Plaintiff." Defs.' Reply, Ex. 1, ECF No. 42-1 [hereinafter 2d Madden Decl.], ¶ 10. Second, EOUSA did not produce "court-filed documents" because Plaintiff did not make a specific ask for publicly available records. According to Madden, "[w]henever feasible, EOUSA considers a FOIA request as a request for non-public source records and requires that a requester seeking public source records submit a separate request specifically asking for such records." *Id.* ¶ 14. Because Plaintiff's request did not seek "court-filed or other public-source documents as part of the request," EOUSA separated out publicly available records, though it did produce some such records filed by the USAO-WDNC "[a]s a courtesy, and in an abundance of caution." *Id.* ¶¶ 16–17. Plaintiff asserts that these two categories of records were "improperly withheld." Pl.'s Reply at 3–4. The court agrees with Plaintiff as to the first group of records but not the second.

EOUSA failed in its "duty to construe a FOIA request liberally," *Nation Mag. v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995), when it interpreted Plaintiff's request as seeking documents only "regarding himself" to the exclusion of "records regarding co-defendants." 2d Madden Decl. ¶ 12. Plaintiff sought records "assembled by the [USAO-WDNC] *containing* the name Arander Matthew Hughes, Jr." Griffin Decl., Attach. 1 (emphasis added). Plaintiff's use of the word "containing" implies a broader scope of records than only those "regarding" him.

6

A document that might reasonably be read to not "regard" Plaintiff nevertheless still might "contain" his name and therefore be responsive to the request. EOUSA, however, ignored the plain text of Plaintiff's request in favor of a hypertechnical reading of the caption of Plaintiff's letter. 2d Madden Decl. ¶ 11 (identifying as reasons for excluding records "regarding" codefendants that the letter's caption did not include "et al" in the case name, used the case-number extension specific to Plaintiff ("-1" of "1:98CR155-1"), and included the word "(Self)"). This was error. *See LaCedra v. Exec. Off. for U.S. Att'ys*, 317 F.3d 345, 348 (D.C. Cir. 2003) (holding that an enumerated list of records in a FOIA request did not limit the plaintiff's general request for "a copy of all documents pertaining to my case"). EOUSA therefore must re-review the records it deemed nonresponsive because they "regard[ed] [Plaintiff's] co-defendants" to determine if any of those records "contain" Plaintiff's name.[2]

The court reaches a different conclusion as to the "court-filed documents" that the agency treated as outside the scope of the request. As discussed, EOUSA did not produce those records because, it claims, its practice is to treat FOIA requests as not asking for publicly available records, unless specifically requested. 2d Madden Decl. ¶ 14. The court need not, however, reach the propriety of EOUSA's practice. Plaintiff's sole challenge to the non-release of publicly available "court-filed documents" is to complain that Exemptions 6 and 7(C) do not apply to an appellate brief that the United States filed in his case ("Appellee Brief"). *See* Pl.'s Reply at 3–4. The court addresses that argument in the next section.

The court is compelled, however, to address a court filing specifically identified by Plaintiff: a Joint Appendix to the Appellee Brief, consisting of two volumes, neither of which is listed on the *Vaughn* Index. Pl.'s Reply at 4. EOUSA did not consider these court records to be

---

[2] This direction does not foreclose EOUSA from invoking any exemptions that might be applicable to the records. *See LaCedra*, 317 F.3d at 348.

within the scope of the FOIA request "because [they were] filed by Plaintiff." 2d Madden Decl. ¶ 18. The court need not assess the propriety of that treatment at this time. For one, the USAO-WDNC's search did not turn up Volume I, so that is not a record that could have been produced in any event. *Id.* As for Volume II, a July 19, 2000 docket entry revealed it to be a sealed filing with the court. *Id.* The declarant does not say whether USAO-WDNC is in actual possession of Volume II. *See id.* If it is, the agency cannot withhold it merely because it is subject to a sealing order. *See Morgan v. U.S. Dep't of Just.*, 923 F.2d 195, 198 (D.C. Cir. 1991) (explaining that in the case of a record sealed by court order "the DOJ will have the burden of demonstrating that the court issued the seal with the intent to prohibit the DOJ from disclosing the [record] as long as the seal remains in effect" and identifying factors a trial court must consider). Before deciding what, if anything, needs to be done about Appendix II, Defendants must clarify whether USAO-WDNC has the record.

## C.

The court now turns to the exemptions asserted by Defendants.

*Exemption 5*. Defendants assert that eleven records were properly withheld under Exemption 5 because they are protected under the work-product privilege. *See* Defs.' Mem. at 10. Exemption 5 provides that "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency" are protected from disclosure. 5 U.S.C. § 552(b)(5). Exemption 5 applies to those materials subject to a civil-discovery privilege, including the work-product privilege. *Burka v. U.S. Dep't of Health & Hum. Servs.*, 87 F.3d 508, 518 (D.C. Cir. 1996). Materials that are prepared in anticipation of litigation or reveal the mental impressions of a party's attorney or other representative with regard to the litigation fall within this category. *See* FED. R. CIV. P. 26(b)(3). When the work-product privilege

is asserted as a basis for withholding under Exemption 5, segregation of factual material is not required. *Jud. Watch Inc. v. U.S. Dep't of Just.*, 432 F.3d 366, 371 (D.C. Cir. 2005).

The court agrees that the eleven records withheld in full or in part under Exemption 5 were properly deemed attorney work product. The withheld records all regard the criminal prosecution against Plaintiff and include draft court filings, many with handwritten notes, Griffin Decl., Attach. 9 [hereinafter EOUSA Vaughn Index], at 2, 13–14; internal DOJ checklists and reports with affixed notes, *id.* at 3–5, 9, 12; email correspondence between a DOJ attorney and government employees, *id.* at 4; and other notes revealing attorneys' mental impressions, *id.* at 17. Courts in this District have found similar records to be properly withheld under the attorney-work-product privilege. *See, e.g.*, *Barouch v. U.S. Dep't of Just.*, 962 F. Supp. 2d 30, 63 (D.D.C. 2013) (finding draft court filings, email communications, and investigatory material, including law enforcement reports related to a criminal case against the plaintiff, properly fell under Exemption 5). The court therefore grants summary judgment to Defendants as to Exemption 5.

*Exemptions 6 and 7(C)*.  Defendants invoke Exemptions 6 and 7(C) to justify withholding personal information about law enforcement personnel, federal employees, witnesses, victims, Plaintiff's codefendants, and other third parties. *See* Defs.' Mem. at 16; *see generally* EOUSA Vaughn Index; Defs.' Mot., Seidel Decl., Ex. C [hereinafter FBI Vaughn Index].[3] Specifically, EOUSA invokes these exemptions to justify withholding either in part or in full 112 pages of records, including those of the publicly available Appellee Brief. *See* EOUSA Vaughn Index, Bates Nos. EOUSA-0013–14, 0019–49, 0051–65, 0078–103, 0106, 0108–44. Under the same

---

[3] Per the Seidel Declaration and the FBI Vaughn Index's Key, *see* FBI Vaughn Index at 1, the court understands the FBI Vaughn Index to refer to the Bates number in the first column, the different possible claimed exemptions under FOIA in the next 13 columns, and the FBI's release decision in the final five columns.

exemptions, the FBI withheld in part 168 pages of records and withheld in full 52 pages.[4] *See generally* FBI Vaughn Index.  Exemption 6 bars disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  Exemption 7(C) does the same for "records or information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  *Id.* § 552(b)(7)(C).  Because this Circuit has "deemed the privacy inquiry of Exemptions 6 and 7(c) to be essentially the same," *Jud. Watch, Inc. v. U.S. Dep't of Just.*, 365 F.3d 1108, 1125 (D.C. Cir. 2004), the court considers them together.

Both Exemptions 6 and 7(C) protect against unwarranted invasions of privacy and involve a balancing of privacy interests against the public interest in disclosure.  *See Reed v. NLRB*, 927 F.2d 1249, 1251–52 (D.C. Cir. 1991).  However, important differences distinguish the two and inform the way courts review their application.  First, while Exemption 6 is focused largely on "personnel and medical files," Exemption 7(C) applies to records "compiled for law enforcement purposes."  *See* 5 U.S.C. § 552(b)(6), (7)(C).  Second, as the Supreme Court has held, Exemption 7(C) is "more protective" than Exemption 6 since 7(C) "applies to any disclosure that 'could reasonably be expected to constitute' an invasion of privacy that is 'unwarranted,' while [Exemption 6] bars any disclosure that '*would* constitute' an invasion of privacy that is '*clearly* unwarranted.'"  *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 496 n.6 (1994) (emphasis added) (quoting 5 U.S.C. § 552(b)(6), (7)(C)).  Because Exemption 7(C) is broader than Exemption 6, when "DOJ relies on Exemption 6 and 7(C) coextensively, the Court need engage only in an analysis of whether DOJ properly redacted information and withheld documents pursuant to Exemption 7(C)" absent a specific necessity for considering Exemption 6.

---

[4] Out of 52 pages withheld in full, 25 pages were withheld as duplicates.  Seidel Decl. ¶ 7.  Plaintiff does not seek any duplicate records, so the court does not address them here.

*100Reporters LLC v. U.S. Dep't of Just.*, 316 F. Supp. 3d 124, 159 (D.D.C. 2018) (internal citation omitted).  As there is no dispute that the records at issue were "compiled for law enforcement purposes," the court will focus only on Exemption 7(C).

As noted, Exemption 7(C) requires a balancing of privacy interests against the public interest in disclosure.  *See U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 762 (1989).  The only relevant public interest for the purposes of this balancing is whether disclosure would serve the "core purpose" of FOIA:  "to contribute significantly to public understanding of the operations or activities of the government," 5 USC § 552(a)(4)(A)(iii). *See Fed. Lab. Rels. Auth.*, 510 U.S. at 495 (quoting *Reps. Comm.*, 489 U.S. at 775).  The court will consider the balance between this public interest with the privacy interests of (1) federal government employees and local law enforcement officers; (2) private citizens including victims, witnesses, third parties who provided information, third parties of investigative interest, and third parties merely mentioned; and (3) Plaintiff's codefendants, in that order.

The court agrees that the privacy interest held by federal government law enforcement personnel, including FBI agents and local law enforcement officers, named in certain documents is substantial.  *See* Defs.' Mem at 16–18; Seidel Decl. ¶¶ 24–27, 32–33; *see generally* EOUSA Vaughn Index; FBI Vaughn Index.  Courts in this District have previously found proper the withholding of identifying information of federal employees and federal and local law enforcement personnel.  *See, e.g.*, *Marshall v. FBI*, 802 F. Supp. 2d 125, 134–35 (D.D.C. 2011) (finding that the FBI properly withheld the names and identifying information of its personnel in protection of their substantial privacy interest); *McGehee v. U.S. Dep't of Just.*, 800 F. Supp. 2d 220, 233–34 (D.D.C. 2011) (upholding 7(C) withholdings by the FBI to protect the identifying information of "FBI Agents and Support Personnel" and "Local and/or State Government Employees"); *see also*

11

*Gilliam*, 128 F. Supp. 3d at 142 ("[T]here can be little doubt that persons named in the documents [such as] . . . law enforcement agents . . . have a substantial privacy interest."). In the absence of a countervailing public interest in disclosure, personal details as to these government employees are properly withheld under Exemption 7(C).

The court also agrees that the privacy interest held by victims, witnesses, third parties who provided information, third parties of investigative interest, and third parties merely mentioned is substantial. *See* Defs.' Mem. at 16–17; Seidel Decl. ¶¶ 29–31, 34–35, 37; *see generally* EOUSA Vaughn Index; FBI Vaughn Index. This Circuit has established that agencies are permitted "to withhold information identifying private citizens mentioned in law enforcement records, unless disclosure is 'necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity.'" *Schrecker v. U.S. Dep't of Just.*, 349 F.3d 657, 661 (D.C. Cir. 2003) (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991)). Given that no such necessity has been raised, withholding records to protect this substantial privacy interest was proper. *See id.* ("[O]ur decisions have consistently supported the nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants."); *see also McGehee*, 800 F. Supp. 2d at 233–34 (affirming 7(C) withholdings for "Third Parties Merely Mentioned," "Third Parties who Provided Information," "Third Parties of Investigative Interest," and "Victims and Survivors").

Finally, the court addresses the privacy interests of Plaintiff's codefendants. *See* Defs.' Mem. at 16; Defs.' Reply at 5–6; Seidel Decl. ¶¶ 13, 28. Especially contentious is the previously mentioned court-filed Appellee Brief. *See* EOUSA Vaughn Index, Bates No. EOUSA-0089–95. Plaintiff argues that Exemption 7(C) does not apply to this record because it is a publicly available document. *See* Pl.'s Reply at 4. Indeed, Plaintiff points out that the documents can be found

through the Public Access to Court Electronic Records, or PACER, website. *See* Pl.'s Reply at 3–4. Defendants, on the other hand, contend that Plaintiff's codefendants have a "substantial privacy interest" in the nondisclosure of their names and other sensitive information. *See* Defs.' Mem. at 16–17; Defs.' Reply at 12; Seidel Decl. ¶ 28.

Plaintiff has the better of the argument. Defendants' contention that Plaintiff's codefendants have a "substantial privacy interest" fails to recognize that the D.C. Circuit has said that the "privacy interests of individuals who have been convicted or pled guilty 'are weaker than for individuals who have been acquitted or whose cases have been dismissed' and are 'plainly substantially weaker than the privacy interests of individuals who have been investigated but never publicly charged at all.'" *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 854 F.3d 675, 682 (D.C. Cir. 2017). That is not to say that a convicted person loses all privacy interests in the facts of his case. *See id.* But it is the government's burden to "account for the privacy interests at stake, recognizing that previous disclosures or admissions may have diminished those interests." *Id.* at 683. Defendants here failed to do so. They simply declared without elaboration that Plaintiff's codefendants had a "substantial privacy interest." Defs.' Mem. at 16–17; Defs.' Reply at 11–12. Because Defendants have not established that Plaintiff's codefendants had anything more than a *de minimis* privacy interest, they have failed to carry their burden of showing that Exemption 7(C) protects withheld codefendant information.[5]

Defendants further contend that, even if the court finds that records regarding Plaintiff's codefendants are responsive to his FOIA request, such a finding should apply only to the identified Appellee Brief. *See* Defs.' Reply at 11. Defendants so argue because "Plaintiff does not include

---

[5] The court has confirmed that Plaintiff's two codefendants both pled guilty. Entry & Acceptance of Guilty Plea by Alfred Louis Logan Jr. Approved by Judge Max O. Cogburn Jr., *United States v. Hughes*, No. 98-cr-155 (W.D.N.C.) [hereinafter *Hughes* Docket], ECF No. 18; Entry & Acceptance of Guilty Plea by Joseph Raymond Morgan Approved by Judge Max O. Cogburn Jr., *Hughes* Docket, ECF No. 21.

13

any argument or factual assertions that he claims warrant release of his codefendant's information in the records that are not court-filed documents." *See id.* (emphasis omitted).  However, Plaintiff is pro se, so the court must construe his arguments liberally.  In his reply, Plaintiff refers to the court-filed Appellee Brief merely as an "example" of his larger argument, which he makes not only as to "court-filed documents" but also as to other "records related to the other two defendants." *See* Pl.'s Reply at 3–4.  The court finds that Plaintiff's reply can be reasonably read to argue that Exemptions 6 and 7(C) do not apply to his codefendants' information found in any document, not just the Appellee Brief.  Thus, as to the EOUSA's *Vaughn* Index, the court orders the release of any redactions or withholding of records specifically identifying codefendant information.  *See, e.g.*, EOUSA Vaughn Index, Bates Nos. EOUSA-0019–35, 0080–95, 0111, 0113–16, 0127–44.

The FBI's *Vaughn* Index is more difficult to discern.  The FBI has produced to the court only a redacted version of its *Vaughn* Index.  Nothing in the Seidel Declaration suggests that the FBI withheld records related to Plaintiff's codefendants.  That said, to the extent that any of the FBI's withheld records include information regarding Plaintiff's codefendants, the court orders they be produced.  The sole exception to this order is any criminal history report, or "rap sheet," or comparable summary record.  *See, e.g.*, FBI Vaughn Index, Bates Nos. 20–22, 24–25.  Although rap sheets on the FBI's Vaughn Index are unidentified, in light of the heightened privacy interest afforded by the Supreme Court to such records,[6] no rap sheet or comparable record need be produced.

---

[6] "When the subject of such a rap sheet is a private citizen and when the information is in the Government's control as a compilation, rather than as a record of 'what the Government is up to,' the privacy interest protected by Exemption 7(C) is in fact at its apex while the FOIA-based public interest in disclosure is at its nadir." *Rep. Comm.*, 489 U.S. at 780.  Although the contents of rap sheets are typically publicly available, the volume and centralized nature of information in rap sheets heightens their subject's privacy interest. *Id.* at 753.  The Supreme Court has held "as a categorical matter" that when a third party's request for a private citizen's rap sheet does not seek information about a government agency, the invasion of privacy outweighs the public interest in disclosure. *Id.* at 780.

**D.**

The final point in dispute is Plaintiff's demand for litigation costs. In his reply, Plaintiff for the first time makes a request for litigation costs. *See* Pl.'s Reply at 4–6. Despite filing their own reply brief after Plaintiff's, Defendants did not respond to his request. *See generally* Defs.' Reply. Because the court is left without the benefit of Defendants' position as to Plaintiff's entitlement to litigation costs, the court addresses Plaintiff's request with the analysis below.

Under FOIA, determining whether a requester can recover his attorney's fees or other litigation costs requires analysis of two prongs: eligibility and entitlement. *Am. Immigr. Council v. U.S. Dep't of Homeland Sec.*, 82 F. Supp. 3d 396, 402 (D.D.C. 2015). Although pro se parties are not entitled to attorney's fees, courts in this District have held "that they may recover their litigation costs," *Harvey v. Lynch*, 123 F. Supp. 3d 3, 8 (D.D.C. 2015); *accord Kretchmar v. FBI*, 882 F. Supp. 2d 52, 58 (D.D.C. 2012), and Defendants have not argued otherwise.

First, to be eligible, Plaintiff must prove that he has "substantially prevailed." *Am. Immigr. Council*, 82 F. Supp. 3d at 402. He can do so by obtaining either "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii). The court finds that Plaintiff has met this burden by securing relief through judicial order.[7] The court has now compelled Defendants to re-review codefendant records previously deemed unresponsive and to disclose codefendant information as improperly withheld. Plaintiff has substantially prevailed.

---

[7] Plaintiff claims his eligibility for fees under the latter subsection, also known as the "catalyst theory." *See* Pl.'s Reply at 4–6; *Brayton*, 641 F.3d at 524–25. To substantially prevail under the catalyst theory, the plaintiff must show "that it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Pub. Citizen Health Rsch. Grp. v. Young*, 909 F.2d 546, 550 (D.C. Cir. 1990). The court need not reach this alternative ground in light of its rulings for Plaintiff on certain issues.

Plaintiff's entitlement to costs requires consideration of four factors: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding. *Fenster v. Brown*, 617 F.2d 740, 742 (D.C. Cir. 1979). "No one factor is dispositive," *see Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008), and "[t]he sifting of th[ese] criteria over the facts of a case is a matter of district court discretion," *Tax Analysts v. U.S. Dep't of Just.*, 965 F.2d 1092, 1094 (D.C. Cir. 1992).

Because the relevant public benefit refers mainly to whether disclosure would "add to the fund of information that citizens may use in making vital political choices," *Fenster*, 617 F.2d at 744, the first factor does not favor Plaintiff. Plaintiff seeks records primarily to secure relief from his criminal conviction. *See* Compl. ¶ 8.

Courts "often combine[] the second and third factors into a single factor assessing whether a plaintiff has sufficient private incentive to seek disclosure." *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 711 (D.C. Cir. 2014) (internal quotation marks omitted). These factors favor Plaintiff. Plaintiff does not seek to gain commercial benefit. And an award of costs to a pro se plaintiff is consistent with FOIA's fee-shifting provision. *See Gerhard v. Fed. Bureau of Prisons*, 258 F. Supp. 3d 159, 168 (D.D.C. 2017) (citing *Tax Analysts*, 965 F.2d at 1095).

Lastly, the reasonableness of Defendants' withholding of the requested documents favors Plaintiff. One question courts consider is whether defendants have shown that they had a colorable basis for waiting to release records until after the requester filed suit. *Davy*, 550 F.3d at 1163. Defendants here have made no such showing to justify when they released records. *See generally* Defs.' Facts; Griffin Decl.; Madden Decl.; Seidel Decl. Another question is whether Defendants' litigation position with respect to the scope of Plaintiff's request and its withholding of

codefendant information under Exemption 7(C) were reasonable. They were not. EOUSA's reading of Plaintiff's request to exclude records "relating" to codefendants is contrary to the straightforward way in which Plaintiff framed his request (all records "containing the name Arander Matthew Hughes, Jr."). Additionally, Defendants' conclusory assertion that Plaintiffs' codefendants had a substantial privacy interest overlooked on-point Circuit precedent.

Because Plaintiff has substantially prevailed and the entitlement factors weigh in his favor, the court finds that Plaintiff is entitled to the full amount of his litigation costs totaling $350. The court does not reduce the costs award for degree of success, because Plaintiff could not have become a prevailing party, by definition, without first filing—and paying to file—this suit.

## IV.

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 36, is granted in part and denied in part. Plaintiff's Motion for Judgment on the Pleadings, or in the alternative, for Summary Judgment, ECF No. 22, is granted in part and denied in part.

Within 30 days, Defendants shall file a status report with an accompanying declaration (1) indicating the results of any additional review of codefendant records that were not initially considered to be within the scope of Plaintiff's FOIA request, (2) disclosing whether USAO-WDNC possesses Volume II of the Joint Appendix to the Appellee Brief, and (3) confirming the release of redactions or records containing withheld codefendant information. Defendants shall also resubmit a declaration regarding segregability for the court to evaluate.

Dated: July 7, 2022

Amit P. Mehta
United States District Court Judge